# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# GREENVILLE DIVISION

| | | |
|---|---|---|
| Arista Records LLC, a Delaware limited liability company; Sony BMG Music Entertainment, a Delaware general partnership; Interscope Records, a California general partnership; Elektra Entertainment Group Inc., a Delaware corporation; and UMG RECORDINGS, INC., a Delaware corporation, | ) ) ) ) ) ) ) | 6:07-cv-00486-CWH |
| Plaintiffs, | ) ) | |
| vs. | ) ) | |
| Kisha Sloan, | ) ) | **ORDER** |
| Defendant. | ) ) | |

On February 20, 2007, the plaintiffs brought this action against the defendant for copyright infringement. The plaintiffs allege that the defendant downloaded and distributed recordings in violation of 17 U.S.C. §101, *et seq*. On March 21, 2007, the defendant wrote a letter to the plaintiffs stating that she thought her actions were not illegal because she paid a Kazaa membership fee. The defendant also stated that she did not have money to hire an attorney.

The defendant failed to respond to the plaintiffs' discovery requests. Therefore, on December 14, 2007, the plaintiffs moved for summary judgment. The Court denied the motion, concluding that in light of the defendant's letter, the issues raised in this action would be best disposed of at trial rather than summarily. On January 23, 2008, the plaintiffs moved for reconsideration. In addition, the plaintiffs wrote the Court a letter explaining that the defendant failed to respond to their telephone calls, messages, letters, or discovery requests, which were

served on August 21, 2007 and October 17, 2007.

On February 28, 2008, the Court wrote a letter to the defendant instructing her to respond to the Court by March 14, 2008, if she wished to participate in this lawsuit. The defendant has failed to do so. The Court warned the defendant that failure to respond may result in a judgment against her.

The Court is obligated to liberally construe pleadings filed by *pro se* litigants. Cruz v. Beto, 405 U.S. 319, 328 (1972). Even under this less stringent standard, the plaintiffs are entitled to summary judgment because the defendant has failed to raise a genuine issue of material fact for trial. Fed. R. Civ. P. 56(c), (e)(2). Rule 36(a)(3) provides that when a party serves requests for admission on his opponent, the requests are deemed admitted unless, within 30 days "the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." The defendant failed to respond to the plaintiffs' requests to admit that were served on August 21, 2007 and October 17, 2007. The Court therefore deems that the defendant has admitted to illegally distributing the plaintiffs' copyrighted sound recordings, thereby infringing on the plaintiffs' copyrighted works.

The Court grants the plaintiffs' motion for summary judgment because the defendant has failed to raise a genuine issue of material fact concerning the plaintiffs' claim for copyright infringement. The Court awards the plaintiffs statutory damages in the amount of $16,500.00, injunctive relief as prayed for in the Complaint, and costs in the amount of $420.00.

AND IT IS SO ORDERED.

_____
**C. WESTON HOUCK**
**UNITED STATES DISTRICT JUDGE**

March 24, 2008
Charleston, South Carolina